IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARKEVIN LOREZN MCHENRY                                    PLAINTIFF

v.                              Civil No. 4:19-CV-04060

CAPTAIN ADAMS, *et. al.*                                   DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey two Court Orders and to prosecute this case.

## I. BACKGROUND

Plaintiff filed his Complaint on May 31, 2019. (ECF No. 1). The Complaint was provisionally filed, and Plaintiff was directed to file a completed *in forma pauperis* application or pay the filing fee by June 19, 2019. (ECF No. 2). Plaintiff was also directed to file an Amended Complaint by June 19, 2019. Plaintiff was advised that failure to obey the Court's Order would result in the dismissal of his case, without further notice, for failure to obey an Order of the Court. (*Id*.). When Plaintiff failed to submit either document by the deadline, a Report and Recommendation was entered on July 2, 2019, recommending that Plaintiff's Complaint be dismissed without prejudice for failure to obey an Court Order and to prosecute this case. (ECF No. 4).

On July 5, 2019, Plaintiff filed a Motion for Extension to File his Amended Complaint, stating that he had been in solitary confinement for sixty days, which had caused him to miss the

deadline. (ECF No. 5). On July 10, 2019, Plaintiff filed a Motion for Extension of Time to file his objection to the Report and Recommendation, also stating he had been in solitary confinement. (ECF No. 6). On July 26, 2019, Plaintiff filed his Amended Complaint and IFP application. (ECF No's. 7, 8).

On August 12, 2019, Judge Hickey declined to adopt the Report and Recommendation to dismiss Plaintiff's case based on his explanation for the delay and his apparent willingness to prosecute his case. (ECF No. 9).

Upon review, it was discovered that Plaintiff's second IFP application was deficient because it did not contain the required inmate certification regarding inmate funds held in his name. Accordingly, the Court entered an Order directing Plaintiff to submit a completed IFP application or pay the filing fee by September 3, 2019. (ECF No. 11). Plaintiff failed to do so but submitted an address change on September 6, 2019. (ECF No. 12). The Court then entered a second Order directing Plaintiff to submit a completed IFP application or pay the filing fee by October 15, 2019. (ECF No. 13). This Order was mailed to Plaintiff's new address. In both Orders, Plaintiff was advised that failure to obey the Order by the deadline would result in the dismissal of his case. Neither Order was returned as undeliverable. To date, Plaintiff has failed to obey the Court's Order, and has not otherwise communicated with the Court.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party

proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.  ANALYSIS

Plaintiff has failed to comply with two Court Orders, both of which were entered after Plaintiff was given an additional opportunity to proceed with this case.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) I recommend that Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **4th day of November 2019**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE